## Case No. 10,254a.

### NICKS et al. v. MATHERS.

[Hempst. 80.] [1]

Superior Court, Territory of Arkansas. Oct., 1829.

APPEAL AND ERROR—AFFIRMANCE BY DIVIDED COURT.

In a case of forcible entry and detainer, judgment affirmed on an equal division in the appellate court.

[This was a suit by John Nicks and John Rogers against Jeremiah Mathers.]

Appeal from the Crawford circuit court.

Before JOHNSON, ESKRIDGE, BATES, and TRIMBLE, JJ.

TRIMBLE, Judge. The appellants brought a suit for forcible entry and detainer before two justices of the peace. On the inquisition, the jury found for the defendant, and

[1] [Reported by Samuel H. Hempstead.]

the plaintiffs sued out a writ of certiorari; and at the November term of the Crawford circuit court, in 1827, the proceedings were set aside for irregularity, and a trial de novo awarded on the merits. At the May term of the circuit court, in 1828, the defendant moved the court to dismiss the suit, because the court had no jurisdiction to try it. This motion was sustained, and to this decision the plaintiffs excepted, and filed their bill of exceptions. The question now before this court is, ought the suit to have been dismissed? The court at the May term had no power to set aside the order for a trial de novo made at a previous term; for admitting such order to have been erroneous, yet it required the power of an appellate court to correct it, after the term had passed. But the case, having been brought before the circuit court, and the inquisition set aside, ought to have been tried on its merits, and finally disposed of there. It is therefore my opinion, that the cause ought to be remanded to that court to be tried on its merits.

ESKRIDGE, Judge. This is an appeal from the Crawford circuit court. The appellants brought a writ of forcible entry and detainer before two justices of the peace, and the finding of the jury upon the inquisition being for the defendant, the plaintiffs sued out from the Crawford circuit court, at the November term, 1827, their writ of certiorari, according to the statute. The proceedings before the justices were set aside for irregularity, and a trial de novo ordered. At the May term, 1828, the defendant moved to set aside the certiorari, on the ground that the court had not jurisdiction; which motion was sustained, and it is from this decision that the plaintiffs have appealed. The only question to be determined is, whether the circuit court, having set aside the proceedings in a case of forcible entry and detainer, brought there by certiorari, could rightfully order a trial de novo. My opinion is, that it could not. The power of the circuit court ceases the moment it has set aside the proceedings for irregularity. The statute giving the remedy of a writ of forcible entry and detainer is in derogation of the common law, is special and peculiar in its nature, and must, according to well-known rules, be strictly pursued in all its provisions. The sixth section of the act regulating the proceedings in writs of forcible entry and detainer (Geyer, Dig. 204) does not give the circuit court the power to try the case de novo. It only empowers that court to set aside the proceedings for irregularity, and nothing more. To authorize the circuit court to try the case de novo, that power must be expressly delegated by the statute, and is not to be assumed by implication or construction. The fact that the circuit court set aside the proceedings for irregularity and ordered a trial on the merits at one term, and at a subsequent one dismissed the case,

cannot be considered as irregular, because the court is always open to dismiss for want of jurisdiction. This court being equally divided, however, in opinion, the judgment of the circuit court stands affirmed.